UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE PERKINS SMITH, III                                                                PETITIONER

VERSUS                                                        CIVIL ACTION NO. 3:19CV713-TSL-RPM

C. RIVERS                                                                                RESPONDENT

## REPORT AND RECOMMENDATIONS

Petitioner Willie Perkins Smith, III, proceeding *pro se*, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus regarding the calculation of his federal sentence. Doc. [1]. He contends that he should have been given credit towards his federal sentence from the time of his arrest on December 30, 2013, on a state revocation charge, until March 30, 2016, when he was sentenced in his federal case. *Id.* at 7. Respondent counters that service on Smith's federal sentence did not begin until after the federal court rendered sentence on March 30, 2016; therefore, Smith is not entitled to any credit for time served in state custody prior to the imposition of the federal sentence.

Smith originally was sentenced in the State of Georgia to a life sentence (with parole) in 1995. *See* Doc. [9-1] at 21. In May 2003, state authorities released Smith on parole. *Ibid.* On December 30, 2013, while on parole supervision, local law enforcement authorities arrested Smith on subsequent felony charges. *Id.* at 16-17. On April 3, 2014, the State of Georgia revoked Smith's parole and sentenced him to a three-year prison term. *Id.* at 21. On April 9, 2015, while Smith was serving time on his state sentence, the U.S. Marshals Service took custody of Smith pursuant to a writ of habeas corpus *ad prosequendum* to face federal drug charges. *Id.* at 27-28. Smith eventually entered a guilty plea to the federal charges; and on March 30, 2016, the U.S. District Court sentenced Smith to a 151-month prison term, to run

concurrently with his state sentence. *Id.* at 9-14. Smith was then returned to state custody on April 19, 2016, to finish serving his state sentence. *Id.* at 2, 27-28. He completed the state sentence on April 18, 2017, and was released to federal authorities to complete the remainder of his federal sentence. *Id.* at 3. At issue in the instant petition is whether Smith should receive credit towards his federal sentence for the time that he was in state custody prior to the federal district court entering a judgment of conviction and sentence.

## Law and Analysis

The commencement date of a federal sentence is determined by operation of 18 U.S.C. § 3585(a), which provides that:

> **(a) Commencement of Sentence. --** A sentence to a term of imprisonment commences on the date the defendant is received into custody awaiting transportation to...the official detention facility at which the sentence is to be served.

Further, 18 U.S.C. § 3585(b) governs the application of prior custody credit towards a federal sentence and provides that:

> **(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against any other sentence.

The Supreme Court has held that the United States Attorney General is responsible for the computation of federal sentences. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). This authority has been delegated to the Bureau of Prisons (BOP). *Id*. The BOP also "...determines what credit, *if any*, will be awarded to prisoners for time spent in custody prior to the

2

commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (citing *Wilson*, 503 U.S. at 331-32, 334) (emphasis added).

The BOP calculated Smith's federal sentence as beginning on the day he was sentenced in federal court—March 30, 2016.  Although Smith requests credit for time spent in state custody prior to the commencement of his federal sentence, his claim is without merit.  The BOP is not authorized "to award credit for time spent in state custody prior to the imposition of a federal sentence." *Taylor v. Holt*, 309 Fed.App'x 591, 593 (3rd Cir. 2009).  Indeed, a federal sentence does not commence until the date it is imposed.  *See Marquez-Mayorga v. Willis*, 782 F.App'x 342 (5th 2019) ("the earliest date a federal sentence may commence is the date that it is imposed, even if it is ordered to run concurrently with a sentence already being served"); *Dominguez v. Williamson*, No. 00-50504, 2001 WL 300705, at *2-3 (5th Cir. 2001).  "[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.3d 840, 841 (5th Cir.1980).  Nor is Smith entitled to credit for time he spent in temporary custody under a writ *ad prosequendum* prior to his federal sentencing.  *See Cause v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980); *Stokes v. Longley*, No. 3:13-CV-824-DCB-MTP, 2015 WL 4430943, at *2 (S.D.Miss. July 17, 2015).

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Willie Perkins Smith, III's 28 U.S.C. § 2241 petition be denied.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically

identify those findings, conclusions, and recommendations to which objects are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED AND ADJUDGED, this the 15th day of November 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE